IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Laura Dean, ) | C/A No. 0:10-2810-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Laura Dean ("Dean"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed.

**ADMINISTRATIVE PROCEEDINGS**

In February 2006, Dean applied for DIB, alleging disability beginning July 1, 2003. Dean's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on October 10, 2008, at which Dean, who was represented by Eleanor K. Swierk, a non-attorney, appeared and testified. The ALJ issued a decision on October 31, 2008 denying benefits and concluding that Dean was not disabled prior to the March 31, 2005 expiration of her insured status for purposes of entitlement to DIB benefits. (Tr. 12-21.)

Dean was fifty-two years old at the time of her alleged disability onset date. (Tr. 86.) She has an eighth- or ninth-grade education and past relevant work experience as a cashier. (Tr. 25, 118, 121.) Dean alleges disability since July 1, 2003 due to a "disc problem." (Tr. 118.)

The ALJ found as follows:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2005.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 1, 2003 through her date last insured of March 31, 2005 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: obesity and arthritis (20 CFR 404.1521 *et seq.*).

    \* \* \*

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

    \* \* \*

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to sit, stand, and walk six hours each in an eight-hour workday, to frequently lift and carry 10 pounds with a heaviest weight lifted occasionally of 20 pounds, and to frequently bend and stoop.

    \* \* \*

6. Through the date last insured, the claimant was capable of performing past relevant work as a cashier. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

    \* \* \*

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 1, 2003, the alleged onset date, through March 31, 2005, the date last insured (20 CFR 404.1520(f)).

(Tr. 14-20.) On September 3, 2010, the Appeals Council denied Dean's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.



## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform [her] past relevant work; and

(5) whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national

economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Dean raises the following issues for judicial review:

I.  The ALJ did not perform the analysis of the treating physician opinions required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p and SSR-5p.



  II.  The ALJ did not explain his findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

  III.  The ALJ failed to correctly assess Dean's credibility and symptoms of pain.

(Pl.'s Br., ECF No. 20.)

## DISCUSSION

**A. Credibility**

The court will address the last issue first. In evaluating subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). In this matter only the second step is at issue,[1] during which the ALJ must expressly consider "the intensity and persistence of the claimant's pain [or other symptoms] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. "[A]llegations concerning the intensity and persistence of pain or other symptoms may not be disregarded *solely* because they are not substantiated by objective medical evidence." Id. (emphasis added). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints

---

[1] The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (internal quotation omitted).



"need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

>  (i)    Your daily activities;
>  (ii)   The location, duration, frequency, and intensity of your pain or other symptoms;
>  (iii)  Precipitating and aggravating factors;
>  (iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>  (v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>  (vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>  (vii)  Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

In this case, the ALJ acknowledged Dean's testimony and summarized it as follows:

> Claimant testified that she was unable to work due to back surgery in 2004, pain in her back and legs, depression, asthma, diabetes, and knee surgery in 2003. She further testified she was 5'1" tall and weighed 255 pounds. She indicated she did not have a driver's license and was afraid to drive. She further indicated that riding in a car hurt her body. She testified that her back and legs hurt and that her back surgery did not improve her condition very much, except that her pain was not as bad. She further testified that she had to sit in a chair at the stove to cook due to back pain. She indicated that she could not do her housework and that her husband always took her grocery shopping and had to lift the bags. She further indicated that she had a difficult time getting into and out of the bathtub. She testified she had problems sleeping at night because of her pain and did not go out socially because she hurt too much. She further testified that she went to Coastal Empire Mental Health for depression over her physical condition. She indicated the medication did not help her depression. She further indicated she quit going to Coastal Empire Mental Health after her insurance ran out in 2006. She testified she did not use a wheelchair before



>  March 2005. She further testified that she still had spells of asthma, depending upon the weather, and used a nebulizer two times per day before March 2005. She indicated she would wheeze without it. She further indicated her diabetes was diagnosed in 2004. She testified she took pain medication prior to the date her insurance ran out. She further testified that medication controlled her diabetes most of the time. She indicated she had knee surgery in 2003 and that it occasionally bothered her. She further indicated that the arthritis in her spine was severe.

(Tr. 17-18.)

The ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. at 18.) The ALJ did not include any further discussion or explanation in support of this conclusion with regard to her allegations of disabling back pain and arthritis. (Cf. Tr. 20) (discussing, to the extent that Dean alleged disabling depression and obesity, the reasons that the ALJ found her statements were not credible). In this case, the court cannot determine whether the ALJ evaluated Dean's credibility in accordance with the applicable law discussed above. See Craig, 76 F.3d at 595; 20 C.F.R. § 404.1529(c)(3); SSR 96-7p. Accordingly, the court is constrained to recommend remanding this matter for the ALJ to further explain his credibility analysis and continue with the sequential analysis, if necessary.[2] See, e.g., Hammond v. Heckler, 765 F.2d 424 (4th Cir. 1985) (stating that an ALJ's credibility determination should "refer specifically to the evidence informing the ALJ's conclusion"); Makinson v. Astrue, 586 F. Supp. 2d 491, 496 (D.S.C. 2008) (order awarding attorney's fees) (discussing the court's final order which remanded the matter partly due to the insufficiency of the ALJ's credibility analysis);

---

[2] The court expresses no opinion as to whether further consideration of this issue should lead to a finding that Dean's subjective complaints are credible. Analysis of all of the evidence required to be considered may well not change the ALJ's conclusion on this point. However, on this record, the court cannot determine what evidence informed the ALJ's decision as to Dean's credibility regarding her back pain and arthritis.



Adams v. Barnhart, 445 F. Supp. 2d 593 (D.S.C. 2006) (order awarding attorney's fees) (discussing court's final order which found that the ALJ did not perform a sufficient credibility determination when the ALJ did not set forth any specific reasons for finding Plaintiff's allegations not totally credible).

**B.    Treating Physicians**

Dean argues that the ALJ erred in giving the opinion of Dr. Scott Strohmeyer, a treating physician, limited weight. Dean also argues that the ALJ failed to address or even consider an opinion from Dr. Ralph F. Saltzer from December 15, 2000.[3] Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. § 404.1527(d)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's

---

[3] The court observes that the Commissioner does not appear to have directly responded to this issue.



opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

By letter dated August 10, 2004, Dr. Strohmeyer stated the following:

> [Dean] is a 53-year-old female who has severe arthritis of her knee, as well as her lower spine. She underwent a spine reconstructive operation on May 10, 2004. She is not going to be a candidate for any type of retail type work. She is not going to be able to stand for long periods of time or do any kind of manual labor.

(Tr. 470.) The ALJ noted this statement, but he gave it limited weight "because it was written only a few months after her surgery with no record of any follow up by him in the documentary evidence." (Tr. 17, 20.) Upon review of the record, although it appears that Dr. Strohmeyer treated Dean, the court has not located any treatment notes from Dr. Strohmeyer; nor have the parties directed the court to the existence of any such documents. (See Tr. 37) (testifying that Dr. Strohmeyer performed Dean's back surgery in 2004); (Tr. 444-48) (copying Dr. Strohmeyer on notes concerning Dean's treatment); (Tr. 197) (referencing a follow-up appointment with Dr. Strohmeyer). In light of the fact that this court recommends remanding this matter for further evaluation of Dean's credibility, the court recommends that the ALJ further be directed to consider Dr. Strohmeyer's opinion in accordance with the above-discussed law. To the extent that Dean argues that additional medical evidence may exist to support Dr. Stohmeyer's opinion, this issue may be addressed on remand. Similarly, the ALJ may address on remand the propriety of considering the opinion of Dr. Saltzer, which was issued prior to the alleged onset date.

**C.     Other Issues**

Reconsideration of Dean's credibility and the above opinions may affect the ALJ's determination at Step Two as well as the subsequent steps of the sequential evaluation. Therefore,

in light of the court's recommendation that this matter be remanded for further consideration, the court need not address Dean's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 7, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).